UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1-15-cv-22698-COOKE/TORRES

DAVID ALEXANDER SOLOMON III,

     Plaintiff,

vs.

WILMINGTON SAVINGS FUND SOCIETY FSB,
as Trustee for the PRIMESTAR-H FUND I TRUST,
*et al.*,

     Defendants.

_____/

## ORDER GRANTING MOTIONS TO DISMISS IN FAVOR OF DEFENDANTS

*Pro se* Plaintiff David Alexander Solomon III ("Plaintiff" or "Solomon") filed suit against Defendants for harm resulting from numerous counts of alleged misconduct regarding a mortgage loan transaction and a subsequent, allegedly-illegal state foreclosure action and resulting judgment against Solomon's property.

Three Defendants in this matter have filed two separate Motions to Dismiss (ECF Nos. 20, 28). Wilmington Savings Fund Society FSB, as Trustee for the Primestar-H Fund I Trust, and USDV Impact Fund, L.P. filed one Motion, while Mortgage Electronic Registration Systems, Inc. filed the other. Taken together, Defendants argue for dismissal on two alternative bases: (1) the *Rooker-Feldman* doctrine deprives this Court of subject matter jurisdiction, and (2) *res judicata* bars Solomon from relitigating claims that were or could have been litigated in the state court foreclosure action. I agree with both of Defendants' arguments and, thus, their Motions to Dismiss are granted.

## I.    DISCUSSION

Solomon's grievances arise from a foreclosure judgment entered against him in the Circuit Court of the Eleventh Judicial Circuit in December 2014. The record shows Solomon asserted nearly the same allegations in the state action that he brings here. The only difference is that his claims previously arose in a state action that challenged Defendants' standing to initiate foreclosure proceedings. I agree with Defendants that the

*Rooker-Feldman* doctrine divests this Court of subject matter jurisdiction and, alternatively, that *res judicata* bars Solomon's claims.

### A. *Rooker-Feldman* Doctrine

Defendants' *Rooker-Feldman* argument presents a factual attack on the Complaint.[1] They argue "that even if all of the allegations in Plaintiff's complaint are true, this Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims because [they] are barred" by the *Rooker-Feldman* doctrine. *Sarhan v. Dep't of Justice Fed. Bureau of Prisons*, No. 14-23237-CIV, 2015 WL 4538904, at *2 (S.D. Fla. July 27, 2015). Thus, I may consider the Complaint, related attachments, and any evidence produced by either side in considering this argument.

The *Rooker-Feldman* doctrine "precludes the lower federal courts from reviewing state court judgments." *Arthur v. JP Morgan Chase Bank*, NA, 569 Fed. Appx. 669, 674 (11th Cir. 2014) (internal quotation marks omitted). This jurisdictional rule seeks to preserve "Congress's directive . . . that only the Supreme Court may review the judgments of state courts." *Id.* at 675 (citing *Exxon Mobil Corp.*, 544 U.S. at 291). The doctrine is "confined to . . . cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Arthur*, 569 Fed. Appx. at 675. It "applies when '(1) the success of the federal claim would 'effectively nullify' the state court judgment, or . . . (2) the federal claim would succeed 'only to the extent that the state court wrongly decided the issues.' " *Id.* (quoting *Alvarez*, 679 F.3d at 1262).

---

[1] Subject matter jurisdiction may be challenged under Federal Rule of Civil Procedure 12(b)(1) either facially or factually. *See Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1315 (S.D. Fla. 2011). A facial attack on the complaint "require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). By contrast, a factual attack "challenge[s] 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered.' " *McElmurray*, 501 F.3d at 1251 (quoting *Lawrence*, 919 F.2d at 1529). In a factual attack, "no presumptive truthfulness attaches to [a] plaintiff's allegations," *Lawrence*, 919 F.2d at 1529. The plaintiff, then, bears the burden to prove the facts sufficient to establish subject matter jurisdiction. *See OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

Solomon's Complaint includes formal claims of negligence, breaches of contract and fiduciary duty, illegal foreclosure, fraud, racketeering, and conversion.[2] Each of these counts pertains to the validity of a completed state foreclosure action, including possible defenses that could have been raised in the state action, that would "effectively nullify" the state court judgment and only succeed if I decided the state court "wrongly decided the issues." The *Rooker-Feldman* doctrine prevents Solomon, as a state-court loser, to revamp issues that were or could have been raised in a state foreclosure action that was completed before the present suit was filed. *Cf. Flournoy v. Gov't Nat'l Mortg. Ass'n*, 2016 WL 98699 at, *4 (Jan. 8, 2016) (finding *Rooker-Feldman* doctrine applied to action that challenged previously-completed state foreclosure action). Solomon contends that newly-discovered evidence voids the state court decision, but never specifies his evidence. Without more, the *Rooker-Feldman* doctrine prohibits any federal court from having subject matter jurisdiction in this case.

### B. Res Judicata

Under Florida's *res judicata* principles, "a judgment on the merits bars a subsequent action between the same parties on the same cause of action, and prohibits not only relitigation of claims previously raised, but also the litigation of claims that could have been raised." *Symonette v. Aurora Loan Servs.*, 631 Fed. Appx. 776, 778 (11th Cir. 2015) (internal quotation marks omitted). Four factors must be present for *res judicata* to apply: "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality of the persons for or against whom the claim is made." *Id.* (quoting *McDonald v. Hillsborough Cnty. School Bd.*, 821 F.2d 1563, 1565 (11th Cir. 1987) (internal quotation marks omitted)).

All four *res judicata* factors are present here. Solomon seeks to prevent Defendants from foreclosing on the same promissory note and mortgage at issue in the state action. His causes of action all relate to the making and foreclosure of the promissory note and mortgage. Further, the identity of the parties and quality of persons are the same since the Defendants are in privity with one another. *See Radle v. Allstate Ins. Co.*, 758 F. Supp. 1464, 1467 (M.D. Fla. 1991). Because each Defendant is being sued as an owner or holder of the

---

[2] The introduction of Solomon's Complaint briefly mentions a claim for intentional infliction of severe emotional distress, but the claim is not formally outlined in the remainder of the Complaint. As such, I am not considering this passing reference as an additional claim.

promissory note and mortgage during the relevant time period, there is a mutuality of interest and relationship that exists among the parties. *See id.*

## II.   CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss (ECF Nos. 20, 28). are **GRANTED**. This case is **DISMISSED** *with prejudice*. All pending motions, if any, are **DENIED** *as moot*. The Clerk shall **CLOSE** this case.

**DONE and ORDERED** in Chambers at Miami, Florida, this 28th day of June 2016.

MARCIA G. COOKE
United States District Judge

*Copies furnished to*:
Edwin G. Torres, U.S. Magistrate Judge

*Counsel of record*

David Alexander Solomon, III, *Pro se*
16750 NE Fourth Place
#641259
North Miami Beach, FL 33164